ROBERT C. PAYNE et al. *v.* M. A. BANKS, Executor, &c.

1. WILL : ISSUE DEVISAVIT VEL NON.—An issue *devisavit vel non* should be framed so as to try the truth of the *facts* alleged in the petition as the grounds for avoiding the will; a general issue, "whether the writing produced be the will of the testator or not," is unnecessary, if not improper.

2. WILL : PRESUMPTION IN FAVOR OF SANITY AND AGAINST FRAUD.—On the trial of an issue *devisavit vel non*, the presumption of law is in favor of the sanity of the testator, and that the will was fairly made and not procured by fraud; and it is the duty of the contestants who allege the contrary, to show it.

IN error from the Circuit Court of Simpson county.   Hon. Green Ferm, judge.

At the October term, 1855, of the Probate Court of Simpson county, a paper purporting to be the last will and testament of Isaac Alexander, deceased, was, upon the petition of M. A. Banks, the executor named therein, duly admitted to probate, and recorded as the last will and testament of said Isaac Alexander.

At the same term of the court, Robert C. Payne and Vincent

L. Payne, the appellants, filed their petition in said court, in which they stated that they were the grandchildren of said Alexander, being the children of a deceased daughter, and as such entitled to distribution of his estate. The petition stated that said paper, purporting to be his will, and which had been admitted to probate, in common form, was not the last will and testament of said Alexander.

1. Because it was procured to be executed by fraud and undue influence.

2. Because the said Alexander was not, at the time of signing the same, of sound mind and disposing memory.

3. Because the subscribing witnesses thereto did not attest the same according to the statute and at the request of said Alexander, but at the request of another, and that Alexander did not publish the same as his will.

4. Because said instrument is vague, uncertain, and inconsistent.

Petitioners prayed that an issue might be made up and sent to the Circuit Court of Simpson county, to try whether said paper was the last will and testament of said Alexander.

Banks, the executor, on behalf of himself and the legatees, answered the petition, denying the material allegations thereof.

The Probate Court ordered the following issues to be made and certified to the Circuit Court:

1. Whether or not said instrument of writing was obtained of said Isaac Alexander by fraud, collusion, undue influence and improper means, and whether or not said Alexander was greatly importuned, entreated, urged and solicited, to make said instrument of writing.

2. Whether or not said Isaac Alexander, deceased, was of sound and disposing mind and memory, (at the time he signed and published the same,) and competent to devise and bequeath his personal and real estate, in and by a certain instrument of writing, purporting to be the will and testament of said Isaac Alexander, deceased, as aforesaid, and whether it was attested by the subscribing witnesses thereto, according to the statute and by the express direction of said Isaac Alexander. And whether or not

said Alexander, deceased, did declare, and publish the said instrument of writing as his will and testament, according to law.

These issues were tried in the Circuit Court, before a jury, at the ———— Term, 185-.   On the trial, the executor introduced the three subscribing witnesses, who testified to the soundness of the testator's mind at the time of his making the will, and proved its execution and their attestations in the usual legal form, except that one of the witnesses stated, that he was sent for to attest Alexander's will, and that when he went in the room, he was requested by the executor, in the presence of the testator, to attest it; and that he did not hear the testator speak of it as his will, and witness only supposed that it was a will from what had been told him by the messenger who came after him to go and attest it.

The petitioners proved, by several witnesses, that during the last illness of the testator, his mind was "wandering" occasionally—that he "talked idly," and had, on one or two occasions, made use of indecent language.   It was also proven in their behalf, that the testator had a very bad memory before his last illness, and that during his illness his memory was less retentive than before; and one or two instances were mentioned by some of the witnesses, which showed great forgetfulness, during his last illness, on the part of the testator.   But none of the witnesses for petitioners saw the testator on the day he made the will, or knew anything of the condition of his mind on that day.   It was also proved on behalf of petitioners, that the testator was an intemperate and dissipated man, and that he was on a "spree" just before he was taken sick.

The executor then proved, by way of rebuttal, by the physician who attended the testator in his last illness, that the testator was of sound mind during all that time.   That both before and after the making of the will, he had conversed with witness in relation to the will, and had told him its contents, which were in substance the same as was shown by the will when read in court.

The executor, Banks, was also sworn, and testified as a witness. His testimony sustained the will on all points on which it was attacked.   He drew up the will at the instance of the testator; the provisions of it were in accordance with his repeated declarations, made to the witness prior to that time.

The jury found a verdict in favor of the executor, on all the issues submitted to them.

The petitioners moved the Probate Court for a new trial, which being refused, they sued out this writ of error.

*Freeman* and *Dixon*, for plaintiffs in error.

*W. P. Harris*, for defendant in error.

FISHER, J., delivered the opinion of the court.

This was a proceeding in the Probate Court of Simpson county, to establish the will of one Isaac Alexander, deceased. The appellants being heirs-at-law, and distributees of the estate of the alleged testator, petitioned the Probate Court for an issue of *devisavit vel non*, to be made up and directed to the Circuit Court of said county.

The issue was accordingly made up as prayed by the petition and tried in said Circuit Court, when the jury found a verdict in favor of the will. This verdict being certified to the Probate Court, the appellants moved for a new trial in that court, and upon their motion being overruled, they appealed to this court.

It is first objected, that the issue was not made up according to the statute, which declares that an issue shall be made up whether the writing produced be the will of the testator or not. Code, 652. This issue presupposes the existence of certain facts, which are supposed to have been alleged in the proper manner, and which if true will negative every presumption of a will. The issue directed by the statute is but a conclusion of law from the alleged facts. The object is to ascertain the truth of the fact or facts alleged, which being pronounced true, the law pronounces the judgment that the paper is not the alleged testator's will, because it was procured by fraud, or because he was not of a sound and disposing mind, at the time it was signed and published; or for other sufficient cause.

Instead of directing such an issue, the court framed the issue almost in the language of the petition, which set forth the grounds upon which it was asserted the will was void. If there be any

substantial difference between the issue as made up, and the issue as directed by the statute, the difference is certainly not to the petitioners' prejudice, for instead of being confined to a mere legal conclusion, they were permitted to establish the facts which they had averred, and any one of which when established, must produce the same result, to wit, that the paper produced is not the will of the "*testator.*" It is the province of the court to apply the proper rules of law to the facts of a particular case, and as long as there is a contest in regard to the truth of the facts, the court looks only to those rules of law, which must guide such investigation. But the investigation having closed, and the fact pronounced true, the court then makes the application of the law to the fact. This was what the petitioners desired; they alleged that the will was procured by fraud; that the party was of unsound mind, &c., and prayed the court for an opportunity to establish these facts; that the rules of law applicable to such a state of case, might be declared by the court. It will be seen from a mere statement of the case, that the issue was made up as it should have been, upon the facts averred,—as it was upon these facts that the court had ultimately to decare the law, if they had been ascertained to be true.

It is next said that there appears to have been two trials in the Circuit Court of the issue. From an inspection of the record, we are of opinion that this is merely a clerical error; the same verdict being twice transcribed by the clerk. But even if the fact were really so, it would amount to nothing, unless it could be shown that less weight must be given to two verdicts, than is generally given to one.

Upon the testimony as a whole, it is necessary to remark that it in the clearest manner establishes the will. The law never presumes fraud, and hence, he who alleges it must prove it. The law presumes sanity, and hence this legal presumption must be rebutted. Viewing the questions in this light, the testimony brought forward by the contestants at most, amounts to but mere suspicion. Opposed to this is the testimony of the three subscribing witnesses, the attending physician, and even of some of the witnesses of the opposing parties, establishing the testator's legal capacity to make

a will, and negativing every presumption of fraud ; even throwing out the testimony of Banks the executor, as to whom an objection is made, the same result must have followed.

Decree affirmed.