## BANK OF FOREST ET AL. *v.* ORGILL BROS. & CO.

CORPORATIONS. *Promoters. Contracts. When corporation not liable.*
  A corporation is not liable on contracts made by its promoters unless it adopts the same or receives their benefits.

FROM the circuit court of Copiah county.
HON. ROBERT POWELL, Judge.
Orgill Bros. & Co., a corporation, appellee, was plaintiff in the court below; the Bank of Forest, and one Huber, were defendants there. From a judgment in plaintiff's favor both defendants appealed to the supreme court.

Huber and others were organizing a corporation, the Bank of Forest. At a meeting of the promoters and subsequent incorporators, before the corporation came into being, Huber was authorized by them to purchase a burglar-proof safe, vault door, etc., for the use of the bank, after which he ordered the safe, vault door, etc., from Orgill Bros. & Co., and signed his own name to the contract of purchase. A short time after this Huber undertook to countermand this order, and Orgill Bros. & Co. refused to allow him to do so, and the bank afterwards ratified, not Huber's contract, but his action in countermanding the order, and refused to pay for the property ordered.

*Kirkland & Bullard,* for appellant, Bank of Forest.

The Bank of Forest is not bound, because it was never a party to the contract. The contract was signed by Huber about thirty days before the Bank of Forest was chartered, organized, or had any legal or actual existence. The bank could not assent or become bound before it was in existence. This needs no argument or citation of authority. Before the Bank of Forest was ever chartered or organized, assent to the order was withdrawn by Huber, and from that time until today every movement made by the bank has been a repudiation of it. It was expressly countermanded by Huber, both for himself and for the bank. The bank never ratified it, never assented to it, never received any benefit by or under it, never in any manner acquiesced in it, and, in fact, Huber informed appellees that neither he nor the Bank of Forest would receive or pay for the property. Whoever else may be liable, it is clear that the bank is not.

*R. P. Willing, Jr.,* and *Green & Green,* for appellant, Huber.

*Mayes & Harris,* for appellee.

Since Huber had no right to countermand the order, his liability is clear. The contract rights of the parties were fixed. The whole law on the subject is so fully set forth in Benja-

min on Sales (6th ed.), 745, American Notes, that it hardly seems necessary to give any further references. But there are plenty of others. See 5 Lawson's Rights and Remedies, sec. 2623; *Hoy* v. *Grenoble*, 34 Pa. St., 9; *Simmons* v. *Brown*, 5 R. I., 299; *Express Co.* v. *Egbert*, 36 Pa. St., 360; *Field* v. *U. S.*, 16 Court of Claims, 434; *Steel Co.* v. *Hinckley*, 17 Fed. Rep., 584; *Goodrich* v. *Hubbard*, 51 Mich., 63; *Wisner* v. *Barber*, 10 Oregon, 343; *Fairchild* v. *Rogers*, 32 Minn., 269; *Donnell* v. *Jones*, 17 Ala., 689; *Hitchcock* v. *Galveston*, 3 Wood, 287; *Wolcott* v. *Mount*, 36 N. J. L., 262; *Wakeman* v. *Machine Co.*, 101 N. Y., 205; *Boom Co.* v. *Prince*, 34 Minn., 71; *U. S.* v. *Behan*, 110 U. S., 338; *Boyd* v. *Meighan*, 48 N. J. L., 404; *Bank Note Co.* v. *Commissioners*, 79 Va., 563.

The Bank of Forest is liable because, as a matter of fact, the record in this case shows a ratification after the bank's organization was complete.

Huber admits that an order was passed by the bank, after its organization, by which his attempted cancellation of the contract was approved. The very fact that the bank acted, approving Huber's attempted cancellation of the order, was a recognition of the fact that his action was for and on behalf of the bank.

TERRAL, J., delivered the opinion of the court.

The judgment appealed from must be reversed as to the Bank of Forest. The contract of Huber, one of the promoters of the Bank of Forest, for the purchase of a burglar-proof safe and a vault door from appellees, was before the incorporation of the Bank of Forest; and it is a rule of law that such contracts of promoters are not binding upon the corporation unless it receives the benefit thereof, or the contract is adopted by it. There has been no acceptance or adoption here. Morawetz on Corporations, sec. 548; Law of Promoters, etc., by Alger, c. 10, § 203.

*Affirmed as to Huber; reversed as to the Bank of Forest.*