254 So.2d 525 (1971)
Joseph V. GENNA et al.
v.
Aubrey Highsmith HARRINGTON.
No. 46386.
Supreme Court of Mississippi.
November 8, 1971.
*526 Johnston & Johnston, Thomas J. Wiltz, Biloxi, for appellants.
Louis Hengen, Thomas L. Wallace, Biloxi, for appellee.
RODGERS, Presiding Justice:
Agnes E. Barnes Harrington died November 5, 1968, in Harrison County, Mississippi, after having written a will on April 17, 1968. On November 12, 1968, Aubrey Highsmith Harrington, the named executor appointed by the testatrix, filed a petition to probate the will of the deceased.
Item 2 of the will is in the following language: "I give, devise and bequeath all my property, real, personal and mixed, wheresoever located, to my husband, Aubrey Highsmith Harrington, to have and to hold as his property absolutely." The will also provided that her husband serve as executor without bond.
The petition to probate the will, the will and proof of execution by two witnesses were filed and presented to the Chancery Court. The Chancellor signed a decree on November 12, 1968, admitting the will to probate as the last will of the testatrix. The executor made oath and filed an executor's bond in the sum of $1,000.00. No appraisers were appointed. Letters testamentary were issued to the executor on November 12, 1968, and he took charge of the property belonging to the estate of testatrix Agnes E. Barnes Harrington. Thereafter, the executor petitioned the Chancery Court and obtained an order permitting him to operate the business of the deceased known as Agnes' Department Store, West Beach, in Biloxi, Mississippi. Several orders were issued to the executor by the Chancery Court and the usual notice was published to the creditors of the deceased.
On July 23, 1969, Jay D. Trochessett and Gay Trochessett Hopkins, Eugene Paul Stanley, Joseph V. Genna, Charles John Barnes, Jr. and Jan Barnes Cook, devisees in a former will, filed a petition contesting *527 the alleged last will of the testatrix upon the grounds that the deceased testatrix was not of sound and disposing mind and memory at the time she executed the will and that she was unduly influenced and coerced into signing the alleged will. Contestants also alleged that Aubrey Highsmith Harrington could not in any case take anything as a devisee under the will, because he intentionally "set about to cause the early death of his deceased wife" and caused her to drink intoxicating beverages for a long time so that he brought about and effected a state of alcoholism in the deceased and willfully caused and procured the death of the testatrix. It was, therefore, contended that, because of having wrongfully procured the death of the testatrix, he was incapable of inheriting from his wife under our law. Sec. 479 and 672, Miss.Code 1942 Ann. (1956).
Aubrey Highsmith Harrington, acting as devisee and executor of the will of his late wife, filed his answer to the petition denying in detail the charges alleged therein.
When the case came on for hearing in the Chancery Court, the Chancellor proceeded to make up the issue devisavit vel non to be tried by the jury. The issues prepared by order of the Chancellor submitted to the jury only two questions: (1) whether or not Agnes Barnes Harrington, the testatrix, was of sound and disposing mind and memory and competent to dispose of her estate at the time the will was executed; and (2) whether or not the paper signed by her was procured by undue influence of any person.
At the trial the proponent introduced the petition to probate the will. The will was offered in evidence together with proof of the will by both subscribing witnesses and the original decree admitting the will to probate. The oath of the executor and letters testamentary were also introduced in evidence. Whereupon, proponent rested and the contestants moved the court for a decree in their favor. The motion was overruled and the contestants offered testimony in an effort to establish their claim that the paper probated was not the will of the deceased because of her mental condition and because of alleged undue influence on the part of the devisee. After the contestants rested their case, the proponent offered many witnesses who testified to facts indicating that the deceased not only knew and understood the contents of her will, but that, in fact, she was an astute business woman and carried on her affairs in a competent manner. The jury returned its verdict in favor of the validity of the will.
The contestants have appealed to this Court and now contend that the trial court committed many reversible errors, some of which merit discussion as will be hereafter shown.
The contestants contend that the trial court should have submitted to the jury their contention that the devisee husband procured and intentionally caused the death of the testatrix and was, therefore, incapable of taking under the will because of the prohibition set forth in Sections 479 and 672, Mississippi Code 1942 Annotated (1956).
It is true that these sections prevent one who willfully causes the death of another to inherit property, or to take the property of his victim under a will. We cannot, however, agree with the contention that this charge should have been submitted to the jury along with the contention that the will was obtained by undue influence or that it was not a will because the testatrix was mentally incapable of making a will under the issue devisavit vel non. In the first place, the two contentions are contradictory. To say he is incapable of taking under the will is to assume that there is a will. This conflicts with the theory that no will was made because of undue influence or mental incapacity. This is a single issue; "will or no will". Blalock v. Magee, 205 Miss. 209, 38 So.2d 708 (1949).
*528 In the second place, the Chancellor had no choice. When a will has been probated and persons desire to contest the will, they may file a petition contesting the validity of the will, whereupon, the Chancellor is required by law to make up an issue for the jury to determine whether or not the writing in question is or is not the will of the testator. Sec. 505, Miss.Code 1942 Ann. (1956).
The first issue to determine, therefore, is whether or not there is a will. If there is a will, the issue as to who shall take under the will may then be determined later. 95 C.J.S. Wills § 388, p. 292 (1957).
There are many reasons why a certain named legatee cannot take under a will, for example: a witness cannot take under a will. Crawford's Estate v. Crawford, 225 Miss. 208, 82 So.2d 823 (1955). However, that does not mean that the will is invalid, but simply means that the particular devisee is incapable of taking under the will. There may be many named devisees in a will, but their respective right to take under the will is not an issue devisavit vel non. See discussion in Payne v. Banks, 32 Miss. 292 (1856); Blalock v. Magee, supra; and 95 C.J.S. Wills § 317 at 135 (1957).
We do not consider that the cases cited by appellant, Gholson v. Smith, 210 Miss. 28, 48 So.2d 603 (1950) and Henry v. Toney, 211 Miss. 93, 50 So.2d 921 (1951), are applicable because in those cases the only issue was the willful killing of the testatrix. They did not involve the issue devisavit vel non.
The motion made by contestants requesting a decree in their favor, after proponent had introduced the various pieces of evidence to show the original probate of the will, was properly overruled. We have often held that the proponent has made out a prima facie case by offering the will, the proper proof of execution and due probate of the will. Estate of Prine, Sr., 208 So.2d 187 (Miss. 1968); Wallace v. Harrison, 218 Miss. 153, 65 So.2d 456 (1953); Bearden v. Gibson, 215 Miss. 218, 60 So.2d 655 (1952); O'Bannon v. Henrich, 191 Miss. 815, 4 So.2d 208 (1941); Moor v. Parks, 122 Miss. 301, 84 So. 230 (1920); Gathings v. Howard, 122 Miss. 355, 84 So. 240 (1920); Sheehan v. Kearney, 82 Miss. 688, 21 So. 41 (1903); and 95 C.J.S. Wills § 386 (1957).
We do not believe that the action of the court in overruling the foregoing motion for a decree in favor of the contestants on the grounds that the will was not properly executed, and because, it is said, the executor took oath and made bond before he was appointed executor is reversible error. The first ground was a question for the jury, and the second ground was not a part of the issue. The construction of the will and the question as to who should be appointed executor are not part of the issue devisavit vel non  will or no will.
The appellants submitted an instruction in which they sought to have the court tell the jury that there was a presumption of undue influence arising out of the testimony of the relationship of husband and wife where it was shown that the husband took some part "in some way" with the preparation or execution of the will so that the burden was cast upon him to disprove by clear and convincing evidence that he did not use undue influence to procure the making of the will in his favor. Appellants cite Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959), as authority for this instruction, but we do not believe that this authority is applicable to the facts here.
It is undoubtedly true that a husband or a wife may exercise undue influence upon the other spouse, but the mere fact that there is a close relationship between the parties in a marriage does not mean that one's influence upon another is undue influence. The influence which a loyal wife, by her virtues, kindnesses and devotion, gains over her husband's affection and conduct, whereby a husband is caused to make a will in her favor, is no *529 ground for refusing to admit the will to probate. See 57 Am.Jur. Wills § 359 (1948).
A wife may be caused by her love and affection to make a will in favor of her husband in the same way.
In order to set a will aside upon the grounds of undue influence on the part of a spouse, it must be shown that the devisee spouse used undue methods for the purpose of overcoming the free and unrestrained will of the testator so as to control his acts and to prevent him from being a free agent. The instructions offered on the part of the contestants in the case at bar to the effect that the confidential relationship of marriage raised a presumption of undue influence was properly refused.
Appellants offered an instruction to the jury informing the jury that a husband could file a renunciation of a will made by his wife and take as an heir. This instruction was not upon the issues devisavit vel non submitted to the jury and was properly refused.
The instructions offered by contestants stating that if the jury were unable to determine whether or not the testatrix "was in truth and in fact of sound and disposing mind at the time of the execution of the will" (or the evidence was evenly balanced) the jury should "find against the will" were properly refused, because the instructions erroneously required the proponent to establish that the testatrix was mentally sound beyond any doubt. This is not required; it is only necessary to prove mental capacity by a preponderance of the testimony. See King v. Rowan, 82 Miss. 1, 34 So. 325 (1903). This instruction was discussed in Blalock v. Magee, supra.
The peremptory instruction offered as to each issue and as to the whole case by the contestants were properly refused by the Chancellor. The court must assume as true all the facts which the evidence fairly tends to establish, together with all reasonable inferences to be deduced from the evidence in determining whether or not there is sufficient evidence shown on which a jury could find a verdict for the party against whom the peremptory instruction is sought to be effected. Lowrey v. Wilkinson, 222 Miss. 201, 75 So.2d 643 (1954). In the instant case there is ample evidence to sustain a verdict in favor of the proponent of the will.
We have examined the instructions complained of by appellees, which were submitted to the jury on behalf of the proponent of the will, and we are unable to find reversible error in these instructions.
The argument that lay witnesses should have been permitted to give their opinion of the mental condition of the testatrix from later developed impressions is not well taken. Lay witnesses are only permitted to testify as to a layman's opinion based upon facts first detailed to the jury. Blalock v. Magee, supra. Moreover, the opinion of a lay witness as to the insanity of another must be limited to the impression made at the time of the observation. In Re Estate of Prine, supra.
We are of the opinion, from the testimony and proceedings found in this record, that the issues submitted to the jury have been fairly heard and settled; and that the decree of the Chancery Court holding that the will of Agnes Barnes Harrington dated April 17, 1968 is the true and last will of testatrix, should be affirmed without prejudice to the right of the trial court to determine whether or not the devisee named in the will is legally prohibited to take under the will.
Affirmed and remanded for further proceedings not inconsistent with this opinion.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.