352 So.2d 804 (1977)
Ronald Anthony DAVION
v.
Paul WILLIAMS.
No. 49718.
Supreme Court of Mississippi.
November 30, 1977.
*805 Harold J. DeMetz, Larry L. Lenoir, Gulfport, for appellant.
Johnson & Ward, Michael H. Ward, Gulfport, for appellee.
Before PATTERSON, C.J., ROBERTSON and SUGG, JJ., and IDOM, Commissioner.
O. GUYTON IDOM, Commissioner for the Court:[1]
This is a Will contest suit brought in the Chancery Court of the First Judicial District of Harrison County. Paul Williams probated a Will purporting to be that of Alda Williams Balot on February 26, 1976. Subsequently a petition to contest the Will was filed by Ronald Anthony Davion on the grounds that a later Will had revoked the Will admitted to probate. Williams answered, alleging that the later Will was void due to existence of undue influence or lack of testamentary capacity.
A jury trial produced a verdict for Paul Williams, proponent of the first Will. Chancellor Frank Alexander denied a motion for a judgment notwithstanding the verdict for a new trial. The appellant assigned as error the granting of appellee's instructions eight and ten, and that the verdict was against the overwhelming weight of the evidence.
The issue presented on appeal is:
Whether or not there was undue influence exercised upon testatrix by the Davions, who were the beneficiaries under the Last Will, to such an extent as to deprive the testatrix of her desire and substitute therefore the desire and will of the beneficiaries, and whether the jury was properly instructed as to the law regarding presumptions, and burden of proof in overcoming presumptions in law.
Since the presumption of undue influence requires proof of a confidential relationship and suspicious circumstance in the execution of a Will, is it reversible error to grant an instruction imposing the presumption and requiring clear and convincing evidence to overcome it, without first submitting to the jury the factual issue as to existence of a confidential relationship?
The Will first probated was holographic and had been executed on March 9, 1969. *806 It left Alda Balot's estate to her brother, Paul Williams. No issue was raised as to the facial validity or proper execution of the Will, rather the contention was it had been revoked by a later Will.
The second Will was formally executed on September 13, 1974. This Will left Alda Balot's estate to her neighbor, Ronald Anthony Davion. This latter Will expressly revoked all prior Wills, and no issue was raised as to its facial validity or the formality of execution. The sole contention is that it was executed without testamentary capacity or was the product of undue influence.
At trial, evidence was put on to show the existence of a confidential relationship between testatrix and the beneficiary, Davion, along with evidence to show suspicious circumstance in the execution of the Will. The objective was to invoke a presumption of undue influence which Davion would then have to overcome by clear and convincing evidence.
It was proven that Davion and his family lived next door to Alda for many years and had a close personal relationship with her. Her own next of kin, her brother, lived a good distance away, in another state, and did not visit frequently. Among other things, the Davion family performed such services as yard work, driving, and odd errands. On several occasions Alda had told social friends that she considered the Davions as "her family" and that she wanted to leave everything to them.
As to actual business transactions, there is no evidence of the Davions being business confidants before the Will was drawn. Approximately six days after the second Will was drawn, Alda had the Davions' names put on her checking account. According to a bank official, after he explained to Alda the effect of the joint account, she acknowledged she understood and stated she wanted their names on the account so they could take care of her business if anything happened to her. There is no evidence in the record that the Davions ever used this account during the considerable time between then and Alda's subsequent death. Other evidence which might indicate a confidential relationship concerned the fact that Davion was the one who first went to an attorney and gave him the details to put in Alda's Will. The attorney's testimony reflects that Davion said Alda requested him to do this. Also bearing on the nature of the relationship was evidence which, while inconclusive, indicated during the time in question Alda drank to excess, either occasionally or frequently depending on the light in which the evidence is viewed. The testimony is clear, however, that on the occasion of the execution of the second Will, she was under no disability and no misapprehensions, but that her mind was clear and that she had control of all of her faculties and knew exactly what she wanted to do concerning her property, and, also, that there was no evidence of her drinking on that occasion or of her being under the influence of drink.
Numerous witnesses for Davion stated that Alda was a strong person with a mind of her own. Even the witnesses for Williams agreed she was a strong, intelligent, capable person when not drinking. There is also testimony that Alda on occasions had expressed a desire to disinherit her brother's family and stated reasons. Alda, herself, when executing her Will in the attorney's office, acknowledged she was aware the Will would exclude her next of kin, and that the Will as drawn expressed her desires.
The challenged instructions Number 8 and Number 10 are as follows:
Instruction No. 8
The Court instructs the Jury that mere proof that Alda Williams Balot signed the alleged Will dated September 13, 1974, and acknowledged and published and declared the same as her Will in the presence of the witnesses to said Will of September 13, 1974, and that said witnesses signed the alleged Will in her presence, is not enough to justify you in returning a verdict in favor of the Petitioner-Contestant, Ronald Anthony Davion; but before you would be justified in returning such a verdict, the said Ronald *807 Anthony Davion must go further and show to you by a preponderance of the evidence in this case, if any, that at the time of the execution of the Will in question the said Alda Williams Balot was then and there of sound and disposing mind and must further show you by clear and convincing evidence that the making of the alleged Will of September 13, 1974, was a voluntary act done without undue influence of anyone, and if from the whole evidence in this case you are unable to determine whether the said Alda Williams Balot was of sound and disposing mind at the time of the execution of the said Will or if you are not satisfied by clear and convincing evidence that Alda Williams Balot executed said Will without the undue influence of anyone, then it is your sworn duty to find for the Proponent-Respondent, Paul Williams. (Emphasis Added).
Instruction No. 10
The Court instructs the Jury that the burden of proof in this case rests upon the Petitioner-Contestant, Ronald Anthony Davion, to prove by clear and convincing evidence that the making and signing by Alda Williams Balot of the alleged Will of September 13, 1974, were the result of the unmolested free will of the said Alda Williams Balot and not as a result of any undue influence by the Petitioner-Contestant, Ronald Anthony Davion or of the wife of Ronald Anthony Davion, or of any other person, and unless you so find, your verdict must be for the Proponent-Respondent, Paul Williams. (Emphasis Added).
The instructions as given assume the establishment of a confidential relationship and attendant suspicious circumstance in the execution of the Will. The effect is to peremptorily impose upon the appellant the presumption of undue influence without first allowing the jury to determine the factual issue of existence of a confidential relationship.
In Croft v. Adler, 237 Miss. 713, 115 So.2d 683 (1959), it was pointed out that the presumption of undue influence
"`... extends to every possible case in which a fiduciary relation exists as a fact, in which there is a confidence reposed on one side and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal, it may be moral, social, domestic, or merely personal.'" [Citing 2 Pomeroy Equity Jurisprudence (4th Ed.) § 956]. (Emphasis Added).
Prior to Croft the existence of a confidential relationship for the purpose of invoking the presumption had largely been limited to legal fiduciary relationships and were held to exist as a matter of law rather than being dependent upon a factual determination. Meek v. Perry, 36 Miss. 190 (1858) [Guardian and Ward] Hitt v. Terry, 92 Miss. 671, 46 So. 829 (1908) [Physician and Patient], Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926) [Business Partners], In Re Will of Moses, 227 So.2d 829 (Miss. 1969) [Attorney and Client, a case subsequent to Croft v. Alder, but as with prior cases, ruling a confidential relation based on legal duties].
In Croft, and subsequently, the type of confidential relationship for invoking the presumption was broadened to include those of a "moral, social, domestic or merely personal nature", but here, as pointed out in Croft, the finding of such relationships is dependent upon its existence as a fact. O'Bannon v. Henrich, 191 Miss. 815, 4 So.2d 208 (1941) [Testator and Fiance (prior to Croft)], Croft v. Alder, 237 Miss. 713, 115 So.2d 683 1959) [Testator and Nephew], Mingo v. Mingo, 244 Miss. 833, 146 So.2d 742 (1962) [Testator and Brother], Genna v. Harrington, 254 So.2d 525 (1971) [Husband and Wife], Bilello v. Bilello, 317 So.2d 916 (1975) [Testator and Sister].
In such a case as the present, where the alleged confidential relationship is that between next door neighbors, it is the duty of the Court to determine "if a fiduciary relation exists as a fact, in which there is confidence reposed on one side and the resulting superiority and influence on the other." (Emphasis added). If the trial is by jury, and if the existence of such a relationship is a matter about which reasonable *808 men could differ based on the facts presented, then the issue should be submitted to the jury.
In the present case, concerning a relationship between neighbors, given the testimony as to the strong willed nature of Alda, her independent execution of the Will, and testimony at least indicating the beneficiary occupied a subservient role in the relationship; it must be held that a question arose particularly suitable for determination by a jury.
Since instructions eight and ten deprived the jury of that determination, and the result was to prejudice the appellant by peremptorily imposing upon him the burden of overcoming a presumption by clear and convincing evidence; the instructions as granted constitute reversible error.
This Court does not now address the remaining assignments of error as it is anticipated they will be resolved upon remand for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.