WALKER, Presiding Justice,
for the Court:
This is an appeal from the Chancery Court of Wayne County, Mississippi wherein that Court dismissed appellants’ challenges to the last will and testament of Virgil A. Ard. We affirm.
The appellants have assigned as error that the trial court erred in finding the testator was competent when the will was executed. We have carefully considered this assignment and find it to be without merit. The chancellor’s ruling was based on conflicting testimony and there was more than ample testimony upon which he could base his finding that Virgil Ard was competent at the time of the execution of the will.
The appellants also contend the trial court erred in not finding that the will was procured through fraud and undue influence. The sole beneficiary under the last will and testament of Virgil Ard is his wife of approximately four years, Catherine Ard, to the exclusion of his two teenage daughters, Gloria Lynn Ard and Melinda Sue Ard. In Genna v. Harrington, 254 So.2d 525 (Miss.1971), this Court held:
It is undoubtedly true that a husband or a wife may exercise undue influence upon the other spouse, but the mere fact that there is a close relationship between the parties in a marriage does not mean that one’s influence upon another is undue influence.
[[Image here]]
In order to set a will aside upon the grounds of undue influence on the part of a spouse, it must be shown that the devi-see spouse used undue methods for the purpose of overcoming the free and unrestrained will of the testator so as to control his acts and to prevent him from being a free agent.
254 So.2d at 528-29.
After a careful reading of this record, we are of the opinion the chancellor did not err in not finding that the will was procured as a result of fraud or undue influence.
Therefore, the judgment of the chancery court is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, PRATHER and ROBERTSON, JJ., concur.
HAWKINS and DAN M. LEE, JJ., specially concur.