CHEATHAM, et al. *v.* BURNSIDE, et al.

No. 39457          February 7, 1955          77 So. 2d 719

*Strong & Smith,* Louisville; *Clayton Lewis, Dees Stribling,* Philadelphia, for appellants.

*A. B. Amis,* Newton; *J. B. Hillman,* Philadelphia; *Melvin, Melvin & Melvin,* Laurel, for appellees.

874

Hall, J.

This suit involves the validity of the alleged last will and testament of Sim Burnside who died December 31,

1952, at the age of eighty-three. The purported will was admitted to probate in common form and shortly thereafter was contested by the appellees on the ground that the testator at the time of the execution of the will on April 8, 1952, did not have sufficient mental capacity to make a valid will, and further on the ground of undue influence leading to the execution of the will. The issue on the contest was made up and submitted to a jury which returned a general verdict against the validity of the will. Judgment was accordingly entered declaring the will to be invalid, and from that judgment the proponents appeal.

The principal grounds argued are that the proponents were entitled to a peremptory instruction on the issue of mental capacity and that they were also entitled to a peremptory instruction on the issue of undue influence. The record in this case is voluminous and we do not deem it necessary to set forth the evidence at any great length. It does show that the testator had a serious illness in the year 1950 and some of the witnesses for the proponents admit that he was mentally incompetent following that illness. Twenty witnesses for the contestants testified that he never regained his mental capacity but was obsessed by hallucinations continuously from that time until his death. Fourteen witnesses for the proponents testified that he improved after his serious illness in 1950. The witnesses for both sides were to a great extent immediate neighbors of the deceased. We think the evidence strongly preponderates in favor of the mental incapacity of the testator at the time of the execution of the will and at least the question was one for the jury to determine. On the question of undue influence we are of the opinion that it was sufficient to make a jury issue and, as we have already stated, there was a general verdict in this case. The issue was will or no will on two different grounds, and we are unable to find from the record whether the verdict was

on one ground or the other or both, but, regardless of this, we think that the evidence was ample to support a verdict on both grounds.

■ ■ The only other contention made by the appellants is with reference to some of the instructions granted to the contestants with reference to the burden of proof. Some of the instructions granted to the proponents were couched in similar, and at least in one instance, almost identically the same language. We have repeatedly held that the burden of proof rests on the proponents throughout and never shifts to the contestants. We think that what was said in the early case of Sheehan v. Kearney, 82 Miss. 688, 21 So. 41, 35 L. R. A. 102, which was repeated in Blalock v. Magee, 205 Miss. 209, 38 So. 2d 708, is particularly applicable here: ''The issue is single, — will or no will. And, when we consider that the exercise of undue influence implies some degree of mental capacity to be overcome, and how indissolubly the two things are implicated the one in the other, it seems to us clear that the burden as to both is on the proponent throughout, and there is no shifting of this burden.''

The judgment of the lower court is accordingly affirmed.

Affirmed.

*Roberds, Lee, Holmes* and *Ethridge, JJ.,* concur.