BURNSIDE, et al. *v.* BURNSIDE, et al.

No. 40168 May 14, 1956 87 So. 2d 248

April 2, 1956 86 So. 2d 333

*Lee V. Prisock,* Jackson; *Neal Prisock,* Louisville; *Kepper & Kepper,* Hattiesburg, for appellants, Tennessee Burnside, et al.

*Boydstrun & Boydstun,* Louisville, for appellants, Sally Price, Nannie Macon, and Princie Montgomery.

*Melvin, Melvin & Melvin,* Laurel; *J. B. Hillman,* Philadelphia; *A. B. Amis, Jr.,* Newton, for appellees, in reply to appellants, Tennessee Burnside, et al.

*Melvin, Melvin & Melvin,* Laurel; *J. B. Hillman,* Phila-
delphia; *A. B. Amis, Jr.,* Newton, for appellees, in reply
to appellants, Sally Price, et al.

186

HALL, J.

This is a sequel to the case of Cheatham v. Burnside, 222 Miss. 872, 77 So. 2d 719. That decision involved a contest of the alleged last will and testament of Sim Burnside, deceased, and we there upheld a decree of the chancery court, based on a jury verdict, holding the will to be invalid.

Thereafter three different sets of heirs came into court and each set claimed to be the nearest of kin of the deceased. One set claimed to be the descendents of Betsy Burnside. Another set claimed to be the descendents of Tom Burnside. Another set claimed to be the descendents of Joseph Burnside, who was also sometimes known as John Burnside.

The trial consumed a week and the record consists of 946 pages. After patiently listening to all of the evidence the chancellor decided the issue in favor of the descendents of Joseph Burnside and rendered a decree

accordingly, from which the other two sets of heirs appealed, each set claiming that the decision should have been in their favor according to the overwhelming weight of the evidence.

■■ ■ We have carefully read and considered the entire record and we are of the opinion that the chancellor's decision is abundantly supported by the record and is certainly not manifestly wrong nor is it against the weight of the evidence, and on the merits the case must be affirmed.

There are some contentions in the briefs with reference to the reception of evidence and also with reference to the pleadings, but we do not think that any of these rulings constituted such error as to justify a reversal, nor do we think that another trial of the case would change the result.

Affirmed.

*McGehee, C.J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.

### ON MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

McGehee, C. J.

■■ ■ The above mentioned motion comes too late. Under Rule 7 of the Revised Rules of this Court, it is required that a brief for the appellant shall be filed not later than thirty days before the date the case is set for hearing; that a brief for the appellee shall be filed not less than ten days before the date the case is set for hearing; and that any rejoinder brief shall be filed not later than three days before the date the case is set for hearing. It is further provided that this rule shall not apply where counsel have entered into a written agreement, filed with the Clerk of this Court, relative to the filing of briefs. The above styled cause is set for hearing on Monday, April 23, 1956. The motion for leave to file

amicus curiae brief states that the appellants have consented to the filing of such brief. The motion is supported by an affidavit to the effect that a copy thereof has been served on Henry Edmonds on ''the day of March 1956.'' It is required that three days notice be served on opposing counsel, and it appears that there are several attorneys of record in this case.

 █ We hold that Rule 7 hereinabove referred to is applicable to amicus curiae briefs, and that they cannot be filed except in compliance with that rule as to the time of the filing thereof, except by written agreement of counsel, filed with the clerk, relative to the filing of briefs. █ Moreover, even then the Court would not be justified in entertaining amicus curiae briefs except to the extent that they are confined to the issues presented in the pleadings and developed upon the trial of the case in the trial court.

The instant motion is for leave to file an amicus curiae. brief on behalf of Ollie Burnside, and the same is presented in her name, by her attorney. It raises the question of whether or not she is a necessary or proper party to the cause on the alleged ground that she is a first cousin of the deceased Sims Burnside and is next of kin. We assume therefore that one of the issues in the case is as to who the heirs-at-law are of the said deceased Sims Burnside. That issue is one for the determination of the trial court, upon being properly presented, and not for the determination of this Court, unless her relationship to the deceased is affirmatively shown by the pleadings or by the evidence upon the trial.

The motion further avers that the ''Movant is in possession of demonstrative evidence, expert evidence as to scientific facts relating to an exact science and facts that have probative value to the case at bar.'' We are not concerned on this appeal with any facts not admitted in the pleadings or established by the evidence on the trial of the case in the trial court. We have no facilities

for hearing proof on factual issues in this Court, and we can determine the rights of the parties only on the basis of the record sent us from the trial court.

█ █ It is to be observed that what is said in the second paragraph of this opinion in regard to written agreement of counsel has reference only to the time of the filing of briefs. █ █ An amicus curiae brief may be filed by approval of this Court, whether with or without the written consent of all of the attorneys representing the respective litigants, but with proper regard to the rights of the attorneys to be allowed sufficient time to reply to such a brief and also with regard to avoiding unnecessary delay in the disposition of the case. An amicus curiae brief filed in truth and in fact ''as a friend of the court'', as the term implies, is frequently very helpful. And there are times when the court actually needs a friend.

For the reasons hereinbefore set forth, it is necessary that the instant motion for leave to file an amicus curiae brief be overruled.

Motion overruled.

All justices concur, except *Hall, J.,* who took no part.