521 So.2d 1272 (1987)
Celia Tullos AINSWORTH, Sadie Ainsworth Smith, William Wiley Magee, Billy Charles Magee, Joe Allen Magee, Paul Arnold Magee, and Martha Ann Magee Stubbs
v.
CALLON PETROLEUM COMPANY, System Fuels, Inc., Comprehensive Resources Corp., and Brighthaven Exploration Partners.
No. 57095.
Supreme Court of Mississippi.
November 18, 1987.
As Modified on Denial of Rehearing March 16, 1988.
Michael S. Allred, David B. Gross, William R. Presson, Satterfield & Allred, Jackson, for appellants.
Glenn Gates Taylor, Copeland, Cook, Taylor & Bush, Jackson, John C. McLaurin, McLaurin & McLaurin, Brandon, for appellees.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from an order of the Chancery Court of Simpson County granting the defendant's motion for an involuntary dismissal of the plaintiff's action under Rule 41 MRCP.
In June 1973, the defendants, Callon Petroleum Co., and System Fuels, Inc. concluded an agreement for the mutually advantageous production and marketing of natural gas from Mississippi. Among the exhibits is a letter dated June 29, 1973, from Callon to System Fuels embodying an agreement between Callon and System Fuels, "relative to the acquisition of certain oil, gas and mineral leases ... and mineral exploratory operations thereon." System Fuels agreed to put up $175,000 to buy leases; Callon was to acquire the lease and operate the wells. The agreement also contains the following provision:
Callon hereby grants SFI a preferential right to purchase all gas produced from the area of interest in accordance with the terms and conditions of the gas purchase contract attached hereto ... which provides for, among other provisions, an initial price of 40 cents/MCF, with an escalation of 1 cent/MFC every year... .
Callon later concluded arrangements for operations with the co-defendants Brighthaven and Comprehensive Resources (CRC). Callon assigned certain of its leaseholds to Brighthaven and CRC.
The plaintiffs in the present action are royalty owners in Simpson County. They executed standard mineral leases to Callon. *1273 The mid-70's were a time of rising oil and gas prices because of the shortage of oil and gas produced by the Arab oil embargo and other factors affecting the market. By the time the plaintiff started receiving their royalty checks from Callon, the market price for gas was approximately 60 cents/MCF. The plaintiffs allege that they were getting only about half that much. Plaintiff Wiley Magee stated that at that time he began trying to contact Callon to find out why the royalties were so low, but was given the runaround; Callon refused to show him a copy of the gas purchase contract. The appellants allege that they continued to press Callon for an explanation, but at no time did Callon reveal the existence of its agreement with System Fuels or their obligation to sell the gas to System Fuels at a fixed rate. It is further alleged that on April 23, 1975, Callon forwarded a copy of one of Magee's letters to System Fuels with a cover letter assuring System Fuels that it was not going to disclose the arrangement.
In January 1982, the plaintiffs filed their action in the Circuit Court of Simpson County. The original complaint charged Callon with breach of the implied covenant to market and fraud and also charged System Fuels with tortious interference with the contract rights of the lessors and fraud. The cause was removed to the Chancery Court of Simpson County on July 8, 1982. There was a lengthy process of amendment to the pleadings on both sides. On March 21, 1983, Callon filed an amended answer admitting, among other things, the existence of the gas purchase arrangement between itself and System Fuels, and attached the letter of June 29, 1973, confirming that arrangement. Appellants allege that this was the first time they had heard of this arrangement. In reaction, the appellants filed an amended complaint alleging, among other things, that by failing to disclose the existence of the gas purchase arrangement, Callon had defrauded them and the leases were therefore void. The complaint also alleged that System Fuels was a "joint venturer" in the enterprise with Callon and it was jointly and severally liable with Callon for any damages.
The cause was heard by a Special Chancellor. After a temporary adjournment in January 1985, a settlement was reached between Callon, Brighthaven and CRC ("the Callon defendants"). When the trial resumed on April 22, the Callon defendants did not reappear and System Fuels defended the case alone. On April 30, 1985, after the plaintiffs had concluded their case in chief, System Fuels moved for a directed verdict. The chancellor treated this as a motion for involuntary dismissal under Rule 41(b) MRCP. On May 1 he granted the motion as to System Fuels. The plaintiffs requested a memorandum opinion in support of the ruling. This opinion was issued on May 31 and contained the following major findings of fact and conclusions of law.
1. Because of federal regulations existing at the time Callon was seeking leases, prudence dictated that an intra-state buyer of gas be sought.
2. Despite good faith efforts Callon was unable to find an intra-state buyer for this gas at any price.
3. The contract price of 40¢ was higher than System Fuels had ever paid for any gas, and was much higher than the current market price of the gas, which at the time was in the 19-22¢ range.
4. As a matter of law, the arrangement between Callon and System Fuels was not a joint venture; therefore, System Fuels was not jointly and severally liable for any damages Callon may have caused.
5. Callon made no representation to the plaintiffs concerning the existence or nonexistence of a contract for the sale of the gas; therefore, Callon could not be guilty of ordinary common law fraud.
6. Callon took no affirmative steps to conceal the existence of the gas sale agreement from the plaintiffs, therefore Callon was not guilty of fraud by concealment.
7. System Fuels did not forbid Callon to reveal the existence of the agreement to the plaintiffs. However, System Fuels had no relation to the plaintiffs which could give rise to a duty to disclose the existence *1274 of the arrangement. Therefore, System Fuels did not defraud the plaintiffs.
8. Plaintiff Wiley Magee's letters to Callon indicate that the plaintiffs had substantial knowledge of the arrangement between Callon and System Fuels by 1975. Any cause of action they had against Callon and System Fuels would have accrued at that time. Since the present action was filed in 1982, it was barred by the six-year statute of limitations. Mississippi Code Annotated, Section 15-1-49 (1972).
9. Callon's duty to market the gas under the implied covenant could be met or breached only at the time the contract for sale was concluded. At that time, the contract with System Fuels was the best that could have been negotiated under the circumstances. Callon's conduct met the standard of a prudent operator. Therefore, there was no breach of the implied covenant to market.

DISCUSSION OF LAW
Our standard of review for a dismissal under Rule 41(b) was set out in Davis v. Clement, 468 So.2d 58 (Miss. 1985). In considering such a motion, the chancellor is not obliged to consider all available evidence in the light most favorable to the plaintiff. The result is that the ruling is practically equivalent to a finding of fact. "For this reason, we [on appeal] do not consider the evidence de novo, but rather we apply the same substantial evidence/manifest error standards as are generally applicable when we are reviewing the findings of trial judges." Davis, 468 So.2d at 62. This is doubly true in cases like the one sub judice, where the ruling is supported by actual findings of fact in the memorandum opinion.
Since that is the standard, we need not consider all of the findings supporting the ruling. In fact, one of them is so clearly correct, and so clearly fatal to the plaintiff's action, that we think we need go no further. The special chancellor found that at the time of the agreement between Callon and System Fuels, there was no other intrastate buyer for the plaintiffs' gas at any price. That means that Callon not only made the best deal, it made the only possible deal.
The record amply supports this finding. The plaintiffs, despite ample opportunity, never produced the name of any other intrastate buyer. One witness did say that Delhi Pipeline Co. was an intrastate gas buyer in 1973; however, he later waffled, saying that he would have to consult his reports and the records of the Oil and Gas Board to determine the time Delhi was buying.
In short, we cannot say that the chancellor was manifestly wrong in his determination that Callon and System Fuels concluded a prudent and reasonable agreement. The ruling must be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ZUCCARO, J., not participating.