# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00120-SCT

*HAZLEHURST LUMBER COMPANY, INC.*

*v.*

*MISSISSIPPI FORESTRY COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/12/2006 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | FRANKLIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DENNIS L. HORN |
| | GEORGE CAYCE NICOLS |
| ATTORNEY FOR APPELLEE: | HEBER S. SIMMONS, II |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/10/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is on appeal from the Circuit Court of Franklin County by Plaintiff Hazlehurst Lumber Company (Lumber Company).  Lumber Company seeks review of the circuit court's  grant of a Mississippi Rules of Civil Procedure 41(b) involuntary dismissal. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     This dispute concerns a bid invitation and subsequent contract to remove trees on a tract of sixteenth-section school land.  The invitation was facilitated by the Mississippi Forestry Commission (the Commission) on behalf of the Franklin County School Board,

pursuant to Mississippi Code Annotated Sections 29-3-45 (Rev. 2005) and 49-19-1 (Rev. 2003), et seq .

¶3.     The Commission provided estimations of the included timber in the invitation to bid and in the contract. The Commission also provided detailed data sheets attached to the invitation to bid and in the contract. The data sheets illustrated how the Commission calculated the volumes of timber by species, number of trees in each two-inch diameter class, and volumes. The data sheets purported to be a "100% Inventory."

¶4.     The invitation and contract contained a number of disclaimers referring to the tree counts and estimates. The disclaimer on the invitation to bid was included on the face of the invitation following the initial estimate. The estimate and disclaimer read as follows,

> [the tract] estimated to contain <u>80 cords pine pulpwood, 618 cords hardwood pulpwood, 1,811,312 board feet pine sawtimber and 188,160 board feet hardwood sawtimber</u> more or less.  The above figures are not to be construed to be the exact volume marked.  Each bidder is expected to make his own cruise and to bid accordingly.
>
> . . . .
>
> The timber may be inspected at any time.

The subsequent contract included the following disclaimers, found on the face of the document:

> All of the forest products covered by this contract, described and estimated below
>
> . . . .
>
> The volume of products marked or designated is estimated by the Seller to contain the following, more or less
>
> . . . .

2

The Buyer represents that he has inspected the sale area and familiarized himself with the kind, amount and quality of all timber marked or designated by the Seller, and covered by this contract, and understands that the estimated volume figures are furnished for information only, and are not guaranteed by the Seller.

¶5.    The Lumber Company bid and won the job.  After performing, Lumber Company filed suit against the Commission, the Franklin County School System, and the Franklin County Board of Education, although it subsequently dropped the complaint against the latter two.  Lumber Company alleged negligent and fraudulent misrepresentation, mutual mistake, and breach of contract.  Lumber Company asserted that the actual number of trees was lower than the Commission's count, therefore, it suffered damages in the amount of $104,339.36.

¶6.    The circuit court granted summary judgment in part and denied in part, dismissing Lumber Company's claim for fraud.  The circuit court subsequently expanded its grant of summary judgment, in response to defendant's second motion for summary judgment, to include "any and all claims other than those that fall under the purview of the Mississippi Tort Claims Act."  A bench trial was held on the issue of negligent misrepresentation, mutual mistake, and breach of contract.  At the close of Lumber Company's evidence, the Commission moved for a directed verdict, which was granted.[1]

¶7.    The circuit court granted the Commission's motion from the bench and included the following findings in support of its grant therein.  Lumber Company did its own cruise, which

---

[1] All parties agree that the Commission's motion for dismissal at the end of Lumber Company's case in chief was improperly labeled a Mississippi Rule of Civil Procedure 50(a) motion for directed verdict but was instead a Mississippi Rule of Civil Procedure 41(b) motion for involuntary dismissal.

3

"revealed a tree count, total tree count less than what was set out in the invitation for bids." "[T]here was a significant shortage" in the number of trees that were, in fact, harvested from the estimates included in the invitation and contract. "[T]here's no evidence whatsoever that this deficiency was intentional on the part of the defendant in any way." "[T]here is sufficient evidence to support this was done by oversight or negligence . . . ." As to Lumber Company's claim of negligent misrepresentation, the circuit court found,

> [I]t would appear that the parties here have set out and agreed that the buyer beware. . . that this is sold as is. This information is given to assist you for informational purposes, but there's no guarantee to it, and you need to check it out yourself. It would appear that very clearly as far as the tort claims portion of this case that the – by signing the contract, that the buyer in this case, Hazlehurst Lumber, has essentially assumed the risk of a negligent tree count[.] [T]hat is what I am finding.

## DISCUSSION

¶8.     Lumber Company raises several issues in its brief to this Court,[2] however it appears that the issues may be summarized into a single discussion of whether the circuit court erred in granting the Commission's motion for involuntary dismissal based on disclaimer provisions.

**WHETHER A DISCLAIMER PROVISION IN AN INVITATION TO BID AND SUBSEQUENT CONTRACT PROTECTED THE MISSISSIPPI FORESTRY COMMISSION FROM LIABILITY FOR DAMAGES RESULTING FROM AN INCORRECT ESTIMATE.**

---

[2] (1) Whether the trial court erred by ruling that relief was barred by assumption of the risk; (2) whether the Commission waived assumption of the risk as a defense; (3) whether Lumber Company's causes of action not grounded in misrepresentation mandate reversal; (4) whether mutual mistake requires reformation of the contract.

¶9. When considering a motion for involuntary dismissal under Rule 41(b), the trial court "is *not* obliged to consider all available evidence in the light most favorable to the plaintiff. The result is that the ruling is practically equivalent to a finding of fact. For this reason, we on appeal do not consider the evidence *de novo*, but rather we apply the same substantial evidence/manifest error standards as are generally applicable when we are reviewing the findings of trial judges." ***Ainsworth v. Callon Petroleum Co.***, 521 So. 2d 1272, 1274 (Miss. 1987); see also ***Dinet v. Gavagnie***, 948 So. 2d 1281, 1283 (Miss. 2007); ***Walters v. Patterson***, 531 So. 2d 581, 583 (Miss. 1987); ***Davis v. Clement***, 468 So. 2d 58, 61 (Miss. 1985).

¶10. Lumber Company argues that the Commission's incorrect estimation provides the basis for a claim. The Commission counters that disclaimer language included in the invitation to bid and subsequent contract protect it from liability resulting from an incorrect estimate. The circuit court stated:

> [A]s far as enforcement of contract, as far as this action was a contract action to enforce the provision of the contract regarding the tree count and the amount of the volume, this has to fail because of the very clear paragraph in the contract that says this is not guaranteed. This is by way of estimate only. The buyer has familiarized himself with it, and, in essence, this is essentially in any type of business transaction. This is what we estimate it to be, this is what is set out, but this is a disclaimer, if you will, somebody used that term, and it's buyer beware. It's as is. When you buy a house, when you buy a vehicle, sometimes that's done used in basic contract law, you buy it as is. You take it as you find it. Buyer beware. This provision could not be clearer in what it stated, and very clearly there was a meeting of the minds there. This is the contract provision and because of that, because of that, that very clearly overrides the other figures that were incorporated in the contract because this paragraph makes it clear that there were not guarantees, and that the buyer was to familiarize himself with it, and these were estimates only and furnished for information only. So with that being the situation, it cannot be enforced or the plaintiff cannot prevail on a contractual basis.
>
> . . . .

> [I]t [Lumber Company] cannot prevail as far as damage on a contractual basis because of this very clear provision in the contract.

The contract is clear and unambiguous. The disclaimer provisions in the invitation and contract protect the Commission from any liability resulting from an inaccurate timber estimate.

¶11. At trial, Lumber Company alleged negligent misrepresentation, mutual mistake, and breach of contract. In order to establish negligent misrepresentation, the following elements must be proven: "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance." *Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007) (citing *Skrmetta v. Bayview Yacht Club, Inc.*, 806 So. 2d 1120, 1124 (Miss. 2002)). In light of the disclaimer provision in the contract, Lumber Company could not reasonably rely on the Commission's estimates.

¶12. Lumber Company's two remaining claims are contract claims – mutual mistake and breach of contract. "[R]eformation of a contract is justified only (1) if the mistake is a mutual one, or (2) where the mistake is on the part of one party and fraud or inequitable conduct on the part of the other." *Steinwinder v. Aetna Cas. & Sur. Co.*, 742 So. 2d 1150, 1155 (Miss. 1999) (citing *Johnson v. Consol. Am. Life Ins. Co.*, 244 So. 2d 400, 402 (Miss. 1971)). The Commission stated its timber count was an estimate and not a guarantee; as such, it can not

6

be characterized as a mistake on the part of the Commission. Furthermore, the circuit court found no fraud on the part of the Commission. We agree with the circuit court that there was a meeting of the minds, that the disclaimer provisions at issue could not be clearer, and that the disclaimer provision is enforceable.

## CONCLUSION

¶13. The disclaimer provision protects the Commission from liability for an incorrect estimate. Accordingly, the judgment of the circuit court dismissing the case pursuant to Rule 41(b) is affirmed.

¶14. **AFFIRMED.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**