KITCHENS, Justice,
Dissenting:
¶ 39. Today’s decision rests centrally on the Waggoners’ allegation that their attorneys violated the Rules of Professional Conduct, an allegation that, for the purposes of appeal from summary judgment, we consider in the light most favorable to the Waggoners. One South, Inc. v. Hollowell, 963 So.2d 1156, 1160 (Miss.2007). *161 Even so, this Court’s precedent is clear that this allegation provides no support to the Waggoners, and the trial court’s grant of summary judgment should, therefore, be affirmed. Because it is not, I respectfully dissent.
¶ 40. ‘^Violation of a Rule of Professional Conduct does not give rise to a cause of action nor does it create a presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers.... They are not designed to be a basis for civil liability.” Pierce v. Cook, 992 So.2d 612, 625-26 (Miss.2008) (Carlson, J.) (quoting Miss. R. Prof'l Conduct, Scope). See also Singleton v. Stegall, 580 So.2d 1242, 1244-45 (Miss.1991). Each of the Waggoners’ claims flies in the face of this principle. The breach of contract claim rests upon the theory that “one cannot knowingly agree to the terms of an aggregate settlement without even the mere knowledge that an aggregate settlement exists,” Maj. Op. at 157; the negligent misrepresentation claim argues that by failing to comply with Rule 1.8, Williamson and Miller “failed to exercise that degree of diligence and expertise the public is entitled to expect of’ an attorney, Hazlehurst Lumber Company v. Mississippi Forestry Commission, 983 So.2d 309, 313 (Miss.2008) (listing elements of negligent misrepresentation); and the breach of fiduciary duty claim contends that Rule 1.8 imposed an actionable duty upon Williamson and Miller. See Callicutt v. Prof'l Servs. of Potts Camp, Inc., 974 So.2d 216, 221 (Miss.2007) (listing elements of breach of fiduciary duty). Under our holdings in Pierce and Singleton, each of these arguments must fail as a matter of law. Therefore, even cast in the light most favorable to the Waggoners, the allegations against Williamson and Miller do not create a genuine issue of material fact regarding the duty owed by the attorneys to their clients.
¶ 41. The majority purports to be mindful of this principle, despite its ultimate conclusion. Maj. Op. at 153-54, n. 8. But to the extent that this case implicates Rule 1.8, the issue arises only in the agreement between American Home Products and Williamson; therefore, the rule itself is irrelevant in the dispute between the Wag-goners and Williamson. Why the majority insists on relying repeatedly upon Rule 1.8, therefore, escapes me. See Maj. Op. at 150, 151, 153-54. Nevertheless, given the majority’s assurance, I do not read today’s decision as one that creates new law in this area. And although I disagree with his ultimate conclusion, I agree with Justice Pierce’s thoughtful conclusion that today’s decision need not be governed by new law.
¶ 42. But because I believe that the majority has taken ill-advised steps toward the creation of new law that is at odds with the explicit purpose of the Mississippi Rules of Professional Conduct, I respectfully dissent.
GRAVES, P.J., JOINS THIS OPINION.