CARLTON, J.,
dissenting:
¶ 25. I respectfully dissent from the majority. Upon review, the record shows that the chancellor failed to properly apply the burden of proof and presumptions, when raised, and also failed to properly consider the rebuttal evidence thereto. I agree with the majority in that “[t]he law in [Mississippi] on fiduciary or confidential relationships and undue influence is well settled.” Howell v. May, 983 So.2d 313, 317 (¶ 14) (Miss.Ct.App.2007) (citation omitted). “Its application has been made to both inter vivos and testamentary transactions.” Id. (citation omitted). The judgment of the chancellor in the present case sets out the burden of proof regarding lack of capacity and undue influence as follows:
From clear and convincing evidence presented[,] the Court finds [Bobby Ray] died on April 18, 2005 after having executed a Last Will and Testament on December 30, 2002, which was properly witnesse[d] by Vicki Walters and Carlos Herring, both elected officials of Perry County, Mississippi. The burden of proof then shifted to the opponents of the mil to establish the lack of capacity and undue influence in the creation of the mil.
¶26. In his judgment, the chancellor states that once Jessie Daryl Finley, as the proponent, made a prima facie case that Bobby Ray Finley possessed the requisite testamentary capacity to create a will and deed, and no undue influence existed in the creation of these documents, then the burden of proof shifted to Kenneth Ray Finley and Sandra Finley McCardle (collectively the Contestants) to establish the lack of capacity and undue influence in the creation of the will. However, the record reflects a confidential relationship existed and therefore under Mississippi law, a presumption of undue influence arose as to the inter vivos gifts. In other words, if evidence shows a confidential relationship existed, then the inter vivos gift is presumptively invalid. Jessie Daryl must then rebut the presumption by showing the following: “(1) good faith on the part of the grantee/beneficiary; (2) grant- or’s/testator’s full knowledge and deliberation of his actions and their consequences; and (3) independent consent and action by the grantor/testator.” Wright v. Roberts, 797 So.2d 992, 999 (¶ 23) (Miss.2001).
¶ 27. The law in Mississippi regarding will contests, as set forth in Clardy v. National Bank of Commerce, 555 So.2d 64, 66 (Miss.1989) mandates that although the burden of going forward, or burden of production, shifts from the proponent to the contestant once the proponent has made a prima facie case, the burden of proof and persuasion never shifts from the proponent of the will. As a result, I find that the chancellor failed to apply the correct burden of proof in determining whether the will and inter vivos gifts were the product of undue influence. Therefore, I would reverse the chancellor’s judgment and remand the case on this issue for further proceedings consistent with this opinion.
¶ 28. The Contestants also argue that the chancellor erred by finding that no undue influence existed in the creation of Bobby Ray’s will and deeds to his land. The Contestants submit that a confidential relationship existed between Bobby Ray and Jessie Daryl, and they assert that the existence of such a relationship would increase Jessie Daryl’s burden of proof at trial.
¶ 29. As previously stated and as articulated by the majority, Mississippi law re *694 garding confidential relationships and undue influence applies to both inter vivos and testamentary transactions. Howell, 983 So.2d at 317 (¶ 14). However, the Mississippi Supreme Court has created a distinction between inter vivos gifts and testamentary gifts on the matter of confidential relationships. In Madden v. Rhodes, 626 So.2d 608, 618 (Miss.1993), the supreme court noted that in an action for a will contest, if a confidential relationship exists, a presumption of undue influence arises only when there has been an abuse of that confidential relationship. However, with inter vivos gifts, if a confidential relationship exists, “there is an automatic presumption of undue influence even without abuse of the confidential relationship. Such gifts are presumptively invalid.” Id. The burden rests on the plaintiff seeking to set aside the inter vivos gift to demonstrate by clear and convincing evidence that a confidential relationship existed between the grantor and grantee, thus creating a rebuttable presumption of undue influence.[1] Howell, 983 So.2d at 318 (¶¶ 14-16). “With both gifts testamentary and gifts inter vivos, once the presumption of undue influence has been established, the burden of proof shifts to the beneficiary/grantee to show by clear and convincing evidence that the gift was not the product of undue influence.” Wright, 797 So.2d at 998 (¶ 16) (citing Dabney, 740 So.2d at 921).
¶ 30. In sum, if the chancellor in the case before us finds that a confidential relationship exists between Bobby Ray and Jessie Daryl, the inter vivos gift — here, the deeds to the Bobby Ray’s land — is presumptively invalid. In re Reid v. Pluskat, 825 So.2d 1, 5 (¶ 13) (Miss.2002). In turning to the testamentary gifts, if a confidential relationship is established, and the Contestants show an abuse of that confidential relationship by Jessie Daryl, the testamentary gifts, which include Bobby Ray’s land and money, are also presumptively invalid due to undue influence. Id. at (¶ 14). Jessie Daryl must rebut the presumptions of undue influence relating to the inter vivos gift and testamentary gifts by clear and convincing evidence. As stated above, to overcome the presumption of undue influence, the proponent of the will or gift must show the following: “(1) good faith on the part of the grantee/beneficiary; (2) grantor’s/testator’s full knowledge and deliberation of his actions and their consequences; and (3) independent consent and action by the grantor/testator.” Wright, 797 So.2d at 999 (¶ 23).
¶ 31. The record before us reflects that Bobby Ray suffered severe injuries in a tractor accident, and for many years, he depended on various medications to ease his pain. Numerous witnesses testified at the hearing that Bobby Ray’s health deteriorated after his wife, Avis, died, and that he was unable to run the chicken-house operation on his own. I also note that the record shows that Jessie Daryl and Rachel not only lived with Bobby Ray after Avis’s death, but they also maintained complete *695 control over Bobby Ray, from preparing his meals and administering his medication to driving him to his attorney’s office to execute deeds to his land and his will. Bobby Ray added Jessie Daryl to his bank account, and Rachel testified that she maintained Bobby Ray’s finances and wrote checks off of his account. Additionally, the record does not state that Bobby Ray consulted with independent legal counsel when creating his December 2002 will.
¶ 32. Thus, I find that sufficient evidence appears in the record to support a finding of a confidential relationship between Bobby Ray and Jessie Daryl, and as a result, a presumption of undue influence pertaining to the inter vivos gift arises concerning the execution of the deeds to Bobby Ray’s land. A review of the record fails to show that the chancellor applied the proper burden of proof when the presumption was raised. Because of the inability to review a proper application of the presumptions and whether such presumptions were rebutted by Jessie Daryl by clear and convincing evidence, I would reverse the chancellor’s judgment and remand this case for further proceedings consistent with this opinion.
KING, C.J., JOINS THIS OPINION.

. In establishing the validity of an inter vivos gift or testamentary gift, the supreme court has enumerated several factors to consider in determining whether a confidential relationship exists:
(1) whether one person has to be taken care of by others, (2) whether one person maintains a close relationship with another, (3) whether one person is provided transportation and has their medical care provided for by another, (4) whether one person maintains joint accounts with another, (5) whether one is physically or mentally weak, (6) whether one is of advanced age or poor health, and (7) whether there exists a power of attorney between the one and another.
In re Dabney v. Hataway, 740 So.2d 915, 919 (¶ 12) (Miss.1999).